UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


STEPHANE J. WANTOU SIANTOU,
     Plaintiff,


     v.                                    CIVIL ACTION NO.
                                           12-40043-TSH

JANET NAPOLITANO,
Secretary of the Department of
Homeland Security,
ALEJANDRO MAYORKAS,
Director of U.S. Citizenship &
Immigration Services,
DENIS RIORDAN,
District Director of the U.S.
Citizenship & Immigration Services
for Boston, Massachusetts, and
ERIC HOLDER,
Attorney General of the
United States,
     Defendants.


              **REPORT AND RECOMMENDATION RE:**
   **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
   (DOCKET ENTRY # 11) AND DEFENDANTS' MOTION TO DISMISS FOR
            LACK OF SUBJECT MATTER JURISDICTION
                     (DOCKET ENTRY # 13)**

                      **November 20, 2012**


**BOWLER, U.S.M.J.**

     Pending before this court are defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.  (Docket Entry ## 11 & 13).  Defendants Janet Napolitano, Secretary of the

Department of Homeland Security; Alejandro Mayorkas, Director of U.S. Citizenship & Immigration Services; Denis Riordan, District Director of the U.S. Citizenship & Immigration Services for Boston, Massachusetts; and Eric Holder, Attorney General of the United States ("defendants") filed the motions.  Defendants seek dismissal of plaintiff Stephane J. Wantou Siantou's ("plaintiff") complaint seeking that his naturalization application be expeditiously adjudicated.  (Docket Entry # 2).  Defendants' motions, referred to this court for a report and recommendation, are therefore ripe for review.

## BACKGROUND

Plaintiff submitted an application for naturalization on November 11, 2011, to the United States Citizenship and Immigration Services ("USCIS").  (Docket Entry # 4).  Having not received a confirmation of delivery, plaintiff stopped payment of the check submitted in conjunction with his first application and submitted a second application on November 21, 2011.  (Docket Entry # 4).  USCIS received the first application on November 21 and the second on November 23, 2011.  (Docket Entry # 12).  USCIS notified plaintiff that his first application would be placed on hold until payment was received and then mistakenly sent plaintiff a notice stating that the second application would also be placed on hold due to the stopped payment.  (Docket Entry # 4).  In relation to the second

application, plaintiff received a notice dated December 28, 2011, to have his biometrics[1] taken, which he did on January 13, 2012. (Docket Entry ## 4 & 4-1). Later, USCIS scheduled and plaintiff attended an examination interview on June 21, 2012. (Docket Entry # 10).

On April 9 and 16, 2012 (before the interview took place), plaintiff filed a complaint and an amended complaint seeking, in essence, that the court compel USCIS to "properly and immediately adjudicate [his naturalization] application" and declare that defendants' actions were illegal, arbitrary and capricious and an abuse of discretion. (Docket Entry ## 1 & 4).[2] In response, on July 6, 2012, defendants filed the motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"). (Docket Entry # 11).

On July 13, 2012, a few days after defendants filed the Rule 12(b)(6) motion to dismiss, plaintiff submitted and the USCIS accepted a request to withdraw the two pending naturalization applications. (Docket Entry # 14). On July 31, 2012, defendants filed the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. ("Rule 12(b)(1)"). As of the date of the declaration of the USICS

---

[1] Biometrics consist of the electronic capture of an applicant's photograph, signature and fingerprints.
[2] Plaintiff's original complaint did not contain any cause of action or request for relief. (Docket Entry # 1).

3

Field Office Director of Lawrence, Massachusetts, July 25, 2012, plaintiff had no other naturalization applications pending before USCIS.  (Docket Entry # 14-1).

## DISCUSSION

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first."  <u>Katz v. Pershing, LLC.</u>, 806 F.Supp.2d 452, 456 (D.Mass. 2008).  This court therefore initially turns to the Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

In a federal court, justiciability requires the existence of an actual case or controversy.  U.S. Const. art. III, § 2, cl. 1.  "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief."  <u>Maine Sch. Admin. Dist. No. 35 v. Mr. R.</u>, 321 F.3d 9, 17 (1st Cir. 2003).

Defendants argue that the complaint is moot because plaintiff has withdrawn his two naturalization applications.[3]  The delay in plaintiff's naturalization applications was the main reason for which plaintiff had brought suit and sought relief.  Given that the subject of this suit has been resolved

---

[3]  Plaintiff did not file a response or opposition to defendants' Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss.

4

by plaintiff's withdrawal of both naturalization applications, there is no controversy to which this court could provide relief.  The complaint is therefore rendered moot.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[4] that the motion to dismiss for lack of subject matter jurisdiction (Docket Entry # 13) be **ALLOWED** and motion to dismiss for failure to state a claim (Docket Entry # 11) be **DENIED** as moot.

                                                 /s/ Marianne B. Bowler
                                                 **MARIANNE B. BOWLER**
                                                 United States Magistrate Judge

---

[4] Any objection to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  See Rule 72(b), Fed. R. Civ. P.  Any party may respond to another party's objection within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.